UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WAYNE SPENCER and MACH 5
LEASING INC.,

    Plaintiffs,

v.                                            CASE NO. 8:12-cv-387-T-23TBM

TACO BELL, CORP. and TACO BELL
FOUNDATION, INC.,

    Defendants.
_____/

## **ORDER**

The defendants (Taco Bell, collectively) assert that this action, in which Taco Bell has prevailed, is "exceptional" under 35 U.S. C. § 285 and move (Doc. 97) for the award of an attorney's fee and expenses. The plaintiffs (Spencer and Mach 5) oppose (Doc. 97) the motion.

Taco Bell argues (1) that Spencer and Mach 5 "procured the '474 Patent through egregious inequitable conduct before the United States Patent and Trademark Office by withholding material information regarding [Spencer and Mach 5's] invalidating use and sale of the Mach 5 canister and [by] knowing that the USPTO should never [have] issued the patent" and (2) that Spencer and Mach 5 "commenced and maintained this litigation in bad faith[,] based[ ] on an invalid

patent, and knowing that they could not establish infringement as evidenced, *inter alia*, by Spencer['s] recently seeking reissuance of the '474 Patent from the USPTO." (Doc. 97 at 9)

Taco Bell identifies the submission of an affidavit in support of the issuance of the '474 patent and another affidavit in support of the reissuance of the '474 patent as constituting breaches of Spencer and Mach 5's duty of full disclosure to the patent examiner.  In each affidavit Spencer disclaims any knowledge and belief that, more than a year before applying for the patent, Spencer or Mach 5 used, sold, or described in print the invention disclosed in the '474 patent.  Taco Bell tellingly quotes part of a November, 2008, letter to Spencer from attorney Dutkiewicz:

> You do not want to be adding language into the application which was not there before, because of the sale of this device occurring more than a year before this application. We must be able to rely on the priority date of the filed "parent" application.

(Doc. 68 at Attachment 19 [Exhibit J])  Nonetheless, more than two years after this letter to Spencer from Dutkiewicz confirming the "on sale" status "of this device," Spencer filed with the USPTO a January 6, 2011, affidavit in which Spencer declares:

> I further state that I do not know and do not believe that the above-named invention has ever been known or used in the United States before my invention thereof, or patented or described in any printed publication in any country before my invention thereof, or more than one year prior to this application, or in public use or sale in the United States more than one year prior to this application; . . . .

(Doc. 98 at Exhibit A)

- 2 -

The order (Doc. 94) granting summary judgment finds specifically that "[s]tarting in 2006, Spencer placed on sale and in public use a coin game under the name 'Mach 5' or 'Mach 5 Canister.'  The Mach 5 is the canister patented in the '474 patent, issued on August 1, 2011." (Doc. 97 at 2)  In sum, as Spencer well knew at all pertinent times, the Mach 5 device disclosed in the '474 patent was "on sale" more than one year before the patent application; Spencer failed to inform the patent examiner of this fact and filed a false affidavit that failed to disclose that Mach 5 was "on sale" more than a year before the application.

To avoid the preclusive effect of the "on sale" bar, the patent application needed to benefit from the filing date of the parent patent.  As Dutkiewicz advised his client in writing, new language and different drawings in the '474 application might prevent the application's benefitting from the filing date of the parent patent.  As explained in the order granting summary judgment, the drawings in the parent application and the drawings in the '474 patent differ in several consequential particulars and, owing to the differences, the '474 patent is not entitled to the parent's filing date.

Taco Bell correctly states that Section 285 requires proof of inequitable conduct before the USPTO, specifically in this instance, proof "by clear and convincing evidence, that Spencer misrepresented or omitted material information with the specific intent to deceive the USPTO." (Doc. 97 at 7-8)  The record is clear

- 3 -

and convincing that Spencer misrepresented material information.  But Taco Bell must establish by clear and convincing evidence that Spencer misrepresented with the specific intent to deceive the USPTO, a more formidable burden.  Taco Bell argues that, although direct evidence of specific intent to deceive is necessarily difficult to muster, the attendant circumstances offer clear and convincing evidence of Spencer's subjective intent to deceive.  Characterizing Spencer's intentional deception as "undeniable" (Doc. 97 at 13), Taco Bell cites Spencer's awareness of the consequences of the "on sale" status of Mach 5 as early as 2006.  Taco Bell asserts (without citation) that Spencer and his counsel formulated a "conscious decision" to deceive the USPTO.  (Doc. 97 at 13)  Taco Bell's most revealing argument for "specific intent" to deceive the USPTO insists:

> Plaintiffs' intentional withholding of such highly material and relevant information leads to the inescapable conclusion that Spencer and his counsel acted inequitably and with the intent to deceive the USPTO.

(Doc. 97 at 13)

Also under Section 285, Taco Bell moves for the award of an attorney's fee to compensate for Spencer and Mach 5's allegedly suing in subjective bad faith and asserting in the action an objectively baseless claim, a "manifestly unreasonable" claim of infringement.  (Doc. 97 at 14-18)  Taco Bell argues in support of the "manifest unreasonableness" of the infringement claim that the several differences between the accused canister and the canister disclosed in the '474 Patent fully

informed Spencer and Mach 5 of the futility of the infringement claim. Most particularly, Taco Bell argues that, although Spencer maintained in support of the '474 application that the dome-shaped bottom disclosed in the '474 patent distinguishes the device over prior art, Spencer argues in defending this action that the accused canister, which features a flat bottom, infringes the '474 patent. Similarly, Taco Bell asserts that in defense of the validity of the '474 patent Spencer has argued that certain elements, including the raised triangles on the lid, of the canister disclosed in the '474 patent are not dictated by function, but that in support of the application for reissuance Spencer has disclaimed the raised triangles as providing additional strength but "not necessary for the design purpose." Taco Bell asserts that these inconsistencies establish Spencer and Mach 5's knowledge of the objective baselessness and manifest unreasonableness of the infringement claim maintained in this action.

In response, Spencer claims that (1) because he undertook to evade the "on sale" bar (*i*) by "structuring his design application within what he thought was the limit[ ] of the parent application" and (*ii*) by consequently attempting to seize the advantage of the parent patent's filing date and (2) because he intended his effort to succeed and believed that his effort was successful, "there is no misstatement, there is no material withholding, and there is no basis for finding intentional fraud on the patent office." (Doc. 101 at 3) Spencer rehearses his principal argument as follows:

> In that the Plaintiff claimed the priority of the parent application, and believed he was within the teachings of the parent application, he would then believe that he was entitled to the priority date, not knowing or believing that at a later date the Court would determine that he had not.

(Doc. 101 at 4)  Spencer concludes that "the belief of the filer in the priority date" insulates the filer against a claim of "fraudulent withholding of information." Further, in responding to Taco Bell's claim of inequitable conduct, Spencer invokes his receipt of, and his claimed reliance on, the opinion of his legal counsel "that [the '474 application] was within the parent application's teachings."  (Doc. 101 at 2)

Also, in arguing that the merits of the issues in this action are not quite so unmistakable as Taco Bell suggests, Spencer comments at length and critically on the merits of the district court's disposition of the action.  Spencer claims that pertinent precedent on design patents is not plentiful.  Spencer claims that an opinion survey conducted at the University of South Florida vindicates his view of the similarity of the pertinent designs.  Spencer explains that in assessing the designs he applied the "substantial identity test" and the "ordinary observer test" of *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008), which support his view of the charged infringement.  Spencer's response observes that "the interplay between utility patents and design patents present[s] complex issues of law, touching on a number of statutes . . . ."  (Doc. 101 at 18)  Spencer accents his precis in support of the plausibility of his infringement claim with this item of emphasis:

> The Court may find that Plaintiff has misread the case law, but this alone, does not evince "bad faith," for if this were true, about half of the attorneys practicing (and perhaps even some judges rendering judgments) would be doing so in bad faith.[*]

(Doc. 101 at 18)

## CONCLUSION

The record in this action establishes incontestably that Spencer misrepresented material facts to the USPTO, but the record fails to establish by clear and convincing evidence (but might establish by a preponderance of the evidence) that Spencer's misrepresentations were undertaken with the subjective intent to deceive the USPTO. Accordingly, this is not an "exceptional" case under Section 285, and Taco Bell's motion is (in a close call) **DENIED**.

At the end of Section I (Doc. 97 at 7), at the end of Section III (Doc. 97 at 18), early in Section IV (Doc. 97 at 18), and in Section IV(b) (Doc. 97 at 20) of the motion, Taco Bell requests an award under the "inherent powers" of the court. Because the movant's burden of proof for the exercise of these "inherent powers" is "clear and convincing," Taco Bell's request is denied for the same reasons as the motion under Section 285. Also, prudential considerations suggest that if specific

---

[*] If Spencer means that not every misstatement is an intentional misstatement, his point is correct but trivial and unhelpful in resolving this motion. If Spencer means that no misstatement is an intentional misstatement because not every misstatement is an intentional misstatement, his point is incorrect and unhelpful in resolving any motion. If Spencer means that some misstatements are intentional and some misstatements are unintentional and that the unhappy and forbidding job of a judge is to distinguish the one from the other, his statement is, at least, correct – but still unhelpful in resolving this motion. In short, Spencer's gratuitous remark avails him not at all.

conduct is proscribed by an explicit statute or rule, the conduct is generally punishable under that statute or rule and not under a generalized principle, such as the inherent powers of the court.

ORDERED in Tampa, Florida, on March 20, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE